MATTER OF G—

In SECTION 245 Proceedings

A-11539151

*Decided by Regional Commissioner*
*Approved by Assistant Commissioner August 25, 1960*

**Adjustment of status—Section 245, as amended—Burden is upon applicant to establish favorable action is warranted.**

Section 245 application is denied as a matter of discretion to an alien who married a United States citizen in 1959 and who has presented no independent evidence to support his present claim that his prior sworn testimony regarding the existence of a marriage in Poland was false. Applicant has burden of establishing that his case merits favorable consideration.

### BEFORE THE REGIONAL COMMISSIONER

**DISCUSSION:** The applicant, a native and citizen of Poland, born May 6, 1909, in Chodecz, Poland, was admitted to the United States as a temporary visitor on March 19, 1958. On February 9, 1959, an order to show cause in deportation proceedings was issued alleging that the applicant, after admission as a nonimmigrant, had remained in the United States for a longer time than permitted. At a hearing before a special inquiry officer held on February 18, 1959, the applicant was found deportable and was granted the privilege of departing voluntarily from the United States. He failed to depart within the time granted and on April 30, 1959, a warrant of deportation was issued. The applicant subsequently applied for a stay of deportation under the provisions of section 243(h) of the 1952 Act, and on September 4, 1959, that application was denied. During the entire proceeding up to that date the applicant had testified that he was married and that his wife and child resided in Poland. In fact, he testified in detail as to his marital history.

On October 9, 1959, the applicant married a native-born citizen of the United States and on October 29, 1959, he filed this application for status as a permanent resident. Concurrently, the woman he married filed a visa petition to accord him nonquota status. The visa petition was approved on November 7, 1959. However, on December 14, 1959, the district director denied the application for status as a permanent resident on the ground that the applicant was pre-

38

cluded by Part 245.1 of Title 8, Code of Federal Regulations, from applying for the benefits of section 245 as an alien in whose case a finding of deportability had been made subsequent to August 21, 1958. On January 6, 1960, this office affirmed the decision of the district director.

On November 23, 1959, the Board of Immigration Appeals withdrew the outstanding order of deportation and ordered the proceedings reopened to afford the applicant an opportunity to clarify his marital status. At the reopened hearing on December 15, 1959, the applicant stated that all of his prior testimony covering his marital status was false; that he had never been married prior to his marriage on October 9, 1959; and that his son in Poland was illegitimate. At the conclusion of the reopened hearing the special inquiry officer held that the testimony at the reopened hearing in no way affected the prior finding of deportability and he ordered the applicant deported.

On June 22, 1960, Part 245.1 of Title 8, Code of Federal Regulations, was amended to read: "An alien whose deportability has not been established in proceedings under Part 242 of this chapter subsequent to January 1, 1960, may if he believes he meets the eligibility requirement of section 245 of the Act, file an application Form I-485 with the district director in whose district he resides." In view of this change, the Service reopened the proceedings in this case and this office assumed jurisidiction by certification.

Before action could be taken in the reopened proceedings, section 245(a) of the Act was amended by the Act of July 14, 1960 (74 Stat. 504). The amended section now provides: "(a) The status of an alien, other than an alien crewman, who was inspected and admitted or paroled into the United States may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is approved."

The regulations implementing the amended provision of law effective July 14, 1960, contain no reference to a finding of deportability. The application will be considered and decided under this more advantageous provision of law.

The applicant was inspected and admitted to the United States and has filed an application on Form I-485, but a finding as to whether he is admissible to the United States or whether an immigrant visa is available to him cannot be made until the true facts as to his marital status are established. In view of his sworn testi-

39

mony in the deportation proceeding setting forth in detail a history of a marriage in Poland, his later self-serving statement that all prior testimony as to his marital status was false cannot be accepted without some independent evidence to verify that statement.

In order to reach a conclusion as to the true marital status of the applicant it would be necessary to conduct an independent inquiry in Poland. We do not feel that it is incumbent upon the government to assume such a burden in connection with an application under section 245 of the Act. The Service, in administering that section of law, has consistently held that the extraordinary discretionary relief provided will only be granted in meritorious cases (*Matter of S—*, 8—234; *Matter of C—*, 8—683). The burden is always upon the applicant to establish that his application merits favorable action. In the instant case the applicant, by his own sworn testimony, has cast serious doubt on his own credibility and has clouded the issue of his true marital status. Under those circumstances, favorable exercise of the Attorney General's discretion is not warranted.

**ORDER:** It is ordered that the application be denied as a matter of discretion.